United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM W. WARD, JR., individually and as the Personal Representative of the Estate of Ruth G. Ward, Deceased,<br><br>            Plaintiff,<br><br>   v.<br><br>SUNRISE ASSISTED LIVING INVESTMENTS, INC., a corporation doing business as Sunrise of Walnut Creek, et al.,<br><br>            Defendants.<br>_____/ | No. C-05-3165 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL; VACATING HEARING**<br><br>(Docket No. 12) |

   Before the Court is the motion, filed November 28, 2005 by defendants Sunrise Senior Living Management, Inc. and Sunrise Senior Living Investments, Inc. (formerly known as Sunrise Assisted Living Investments, Inc.), to strike the demand for jury trial filed by plaintiff William W. Ward ("Ward").  Ward has filed opposition to the motion; defendants have filed a reply.  Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the January 13, 2006 hearing on the motion.  For the reasons set forth below, defendants' motion to strike Ward's jury demand is GRANTED.

### BACKGROUND

   The instant action was filed in the California Superior Court for the County of Contra Costa on April 25, 2005.  The complaint does not include a jury demand.  (See Notice of

Removal Ex. A.)  Defendants answered the complaint on August 3, 2005, and removed the action to federal court the following day, August 4, 2005.  On November 8, 2005, Ward filed a demand for a jury trial.  Defendants now move to strike Ward's jury demand as untimely.

**DISCUSSION**

Rule 81(c) of the Federal Rules of Civil Procedure provides for trial by jury in a removed case under three circumstances.  First, "[i]f at the time of removal, all pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner[.]"  See Fed. R. Civ. P. 81(c).  It is undisputed that Ward did not serve a jury demand within 10 days after removal.

Second, "[a] party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal."  See Fed. R. Civ. P. 81(c).  It is undisputed that Ward did not make a demand for jury trial prior to removal.

Third, "[i]f state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury."  See id.  This provision has no application to the instant case because California law requires a party to make an express demand for a jury trial.  See Cal. Code Civ. Proc. § 631(d)(4); see also Lewis v. Time, Inc., 710 F.2d 549, 556 (9th Cir. 1983) (finding California law requires an "express demand" for jury trial).

Additionally, Rule 38(b) of the Federal Rules of Civil Procedure provides that "[a]ny party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefore in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d)."  See Fed. R. Civ. P. 38(b).  The Ninth Circuit has interpreted Rule 38(b) as requiring the filing of a jury demand within ten days of the filing of a defendant's answer.  See Lutz v. Glendale Union High School, 403

F.3d 1061, 1063 (9th Cir. 2005). It is undisputed that Ward did not file a jury demand within ten days of the August 3, 2005 filing of defendants' answer to the complaint.

Ward concedes that he has failed to demand a jury trial in compliance with Rule 38(b) or Rule 81(c), but asks the Court nonetheless to exercise its discretion under Rule 39(b) to order that the instant action be tried to a jury. Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." See Fed. R. Civ. P. 39(b). As an initial matter, defendants correctly note that Ward has not filed a separate motion for relief under Rule 39(b), as required by that Rule, but, rather, has set forth his arguments for discretionary relief in his opposition to defendants' motion. Moreover, even if the Court were to construe Ward's opposition as a cross-motion for relief under Rule 39(b), the Ninth Circuit has repeatedly held that relief under Rule 39(b) may not be granted where a party's failure to file a timely jury demand was due to "oversight" or "mere inadvertence." See Lutz, 403 F.3d at 1065 n.4; see also Pacific Fisheries Corp. v. HIH Casualty & General Ins. Ltd., 239 F.3d 1000 (9th Cir. 2001) ("An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown."). Here, Ward states that his failure to timely demand a jury trial was due to his counsel's unfamiliarity with practice in federal courts and misunderstanding of the requirements of Rule 81(c). (See Opp. Ex. A (Rueb Decl.) ¶¶ 3-6.) The Ninth Circuit has held, however, that "[a] good faith mistake of law is no different than inadvertence or oversight," and, therefore, "an untimely jury demand due to legal mistake does not broaden the district court's narrow discretion to grant the demand" under Rule 39(b). See Pacific Fisheries, 239 F.3d at 1003.[1] Consequently, even if Ward had filed a motion for relief under Rule 39(b), he has not set forth good cause for such relief.

Accordingly, as Ward concedes that he did not file a timely jury demand, and has not

---

[1] Ward's citations to out-of-circuit authority are unavailing in light of controlling Ninth Circuit authority. Likewise, Ward's citations to California authority are irrelevant as the Ninth Circuit has held that Rule 39(b), not California law, governs the district court's authority to grant relief from jury trial waivers. See Lewis, 710 F.2d at 557.

set forth sufficient grounds for relief under Rule 39(b), defendants' motion to strike Ward's jury demand will be granted.

## CONCLUSION

For the reasons set forth above, defendants' motion to strike Ward's jury demand is hereby GRANTED.

This order terminates Docket No. 12.

**IT IS SO ORDERED.**

Dated: January 5, 2006.

MAXINE M. CHESNEY
United States District Judge